**Calvin LITTLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 27S00–8812–CR–971.

Supreme Court of Indiana.

Nov. 7, 1991.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Douglas Essex, Research Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Rape, a Class B felony, for which he received a sentence of ten (10) years, enhanced by ten (10) years for aggravating circumstances, for a total of twenty (20) years. This case originally was appealed to this Court and a decision rendered remanding the case to the trial court for a hearing to determine preclusion of issues presented in a prior trial of appellant in which he was acquitted of the rape of a person who was not the victim in this case. *See Little v. State* (1986), Ind., 501 N.E.2d 412.

Upon remand, the trial judge found that the issue in the case at bar was identity and the issue in the prior case was consent which was found in the defendant's favor; the issue in the former case was not relitigated in the case at bar; therefore, the conviction should stand. However, when we examine the record in this case, we find the trial court to be in error.

In the prior case, appellant had been charged with the rape of E.S. He readily admitted that he had engaged in sexual intercourse with E.S. at the time in question but claimed that this intercourse was consensual. E.S. testified that it was forced. The jury acquitted appellant on the ground that the intercourse was consensual.

In the case at bar, wherein appellant is accused of raping S.D., he in fact did interpose the defense of identity. However, when the State presented the testimony of E.S., she testified in detail as to how the intercourse with her was non-consensual, the very issue which had been decided against the State in that case. Not only did she so testify in the case at bar, but the prosecuting attorney used that testimony to argue to the jury that appellant in fact had raped E.S.

The question of consent decided against the State in the prior case was presented and argued as though that issue had been resolved in the State's favor. The State was collaterally estopped from presenting that issue which it had lost in the prior case. *United States v. Mespoulede* (2nd Cir.1979), 597 F.2d 329, 330.

Upon remand of this case, the trial court erred in failing to invoke collateral estoppel. *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.

This cause is remanded to the trial court for a new trial.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.